IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

PETERSON EARTH MOVERS, INC.,                      Case No. 10-48553
                                                                         Chapter 11
                   Debtor.

## AFFIDAVIT OF DEFAULT

I, David Clapper, being first duly sworn upon oath, states as follows:

1.      I am the Credit Manager for Ziegler, Inc. ("Ziegler").

2.      Ziegler and the Debtor entered into a stipulation on or about January 24, 2011, a copy of which is attached.

3.      It was approved by the Court on January 26, 2011, a copy of which is attached.

4.      The Debtor defaulted under the Stipulation by failing to make its payment to Ziegler on February 28, 2011.

5.      The Debtor's attorney was properly notified of its default by email on March 2, 2011.

6.      The ten-day cure period has passed and the Debtor is still in default by failing to pay the payment.

7.      Pursuant to the Stipulation, Ziegler is entitled to immediate relief from automatic stay to foreclose or otherwise enforce its security interests or liens and/or to exercise any other default-related rights and remedies.

Dated: March 15, 2011         By: /s/ David Clapper
                                  David Clapper
                                  Credit Manager, Ziegler, Inc.

Subscribed and sworn to before me
this 15th day of March, 2011.

/s/ Deann C. Antolak

DEANN C. ANTOLAK
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

PETERSON EARTH MOVERS, INC.,                                 Case No. 10-48553
                                                                            Chapter 11
             Debtor.

## STIPULATION FOR ADEQUATE PROTECTION

This Stipulation for Adequate Protection (this "Stipulation") is made this 25th day of January, 2011 by and between Ziegler, Inc. ("Ziegler") and Peterson Earth Movers, Inc. (the "Debtor").

### RECITALS

A.     The Debtor is operating its business as Debtor-in-possession in the above-captioned Chapter 11 Bankruptcy case (the "Bankruptcy Case"). The voluntary petition commencing the Bankruptcy Case was filed on November 17, 2010 ("Petition Date").

B.     Prior to the Petition Date, Lavern "Bud" D. Peterson ("Bud Peterson") entered into an agreement with Ziegler purchasing certain equipment (the "Equipment") and granting a security interest to Ziegler pursuant to a Promissory Note and Security Agreement ("Agreement") in that Equipment.

C.     Bud Peterson is in default under the Agreement for, among other things, failure to make payments when due under the Agreement.

D.     On November 24, 2010, Ziegler moved for relief from the automatic stay to enforce its security interest and otherwise pursue its state law remedies with respect to the Equipment (the "Stay Motion") alleging that (i) the Equipment is owned by Bud Peterson and

the Debtor has no real interest in the Equipment and (ii) Ziegler was not provided adequate protection.

E.   In its response to the Stay Motion, the Debtor contended that it owned the Equipment and offered to provide Ziegler adequate protection.

NOW THEREFORE, the Debtor and Ziegler agree as follows:

1.   The Debtor, on behalf of the estate, acknowledges (a) that the Agreement is valid, binding and fully enforceable (but for the stay of 11 U.S.C. § 362) in accordance with its respective terms, all without defense, offset or counterclaim and (b) that Ziegler is the lawful holder of such obligations which are secured by a valid, duly perfected security interest in the Equipment.

2.   The Debtor shall provide adequate protection to Ziegler for its use of the Equipment by making cash payments to Ziegler in the amounts of Three Thousand Dollars and 00/100 ($3,000.00) on January 31, 2011, February 28, 2011, and March 31, 2011 (the "Adequate Protection").

3.   Entering into this Stipulation shall not constitute a waiver or modification of Ziegler's rights, including rights against non-debtor parties.

4.   Entering into this Stipulation shall not constitute a determination as to (i) the priority of any security interests attached to the Equipment or (ii) the ownership of the Equipment.

5.   The Adequate Protection covers the period from the effective date of this Stipulation until February 28, 2011. The parties will continue the hearing on Ziegler's Stay Motion and adequate protection for any period after February 28, 2011 which will be held at a mutually agreeable time after February 28, 2011 unless otherwise resolved the parties.

6. If the Debtor defaults under any of the terms and provisions of this Stipulation, the Agreement (including but not limited to maintaining insurance on the Equipment, but not including any monetary defaults under the Agreement) or any other court-approved agreement that the Debtor has entered into or will enter into during its bankruptcy case ("Event of Default"), then Ziegler shall provide the Debtors with notice of default. The Debtors shall cure the default within ten days after receiving the notice of default. If the Debtors fail to cure within the five-day cure period, then Ziegler shall be entitled to relief from the automatic stay to foreclose or otherwise enforce its security interests or liens on the Equipment and/or to exercise any other default-related rights and remedies under the Agreement, this Stipulation or applicable law, upon the filing of an affidavit of default. Such relief shall be immediate and not subject to notice or a hearing, and shall not be subject to Federal Rule of Bankruptcy Procedure 4001(a)(3).

7. Upon the occurrence of an uncured Event of Default, the Debtor agrees to voluntarily surrender and deliver to Ziegler control of and the right of possession to the Equipment, and the Debtor irrevocably waives, to the extent permissible by law, all notices of default and notices of disposition of collateral as may be required by applicable law.

8. This Stipulation is subject to approval of the Bankruptcy Court.

Dated: January 25, 2011            **GRAY, PLANT, MOOTY**
                                   **MOOTY & BENNETT, P.A.**

                                   By: *[signature]*
                                       William J. Fisher (#167137)
                                       Jessica A. Mitchell (#389738)
                                       3400 City Center
                                       33 South Sixth Street
                                       Minneapolis, MN 55402
                                       (612) 343-2800

Dated: January 25, 2011          **STEVEN B. NOSEK**

By: _____/s/ Steven B. Nosek_____
Steven B. Nosek (#79960)
2855 Anthony Lane South,
Suite 201
St. Anthony, MN 55418
(612) 335-9171

4

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

PETERSON EARTH MOVERS, INC.,  Case No. 10-48553
                               Chapter 11
         Debtor.

## CERTIFICATE OF SERVICE

I, Jessica Mitchell, hereby certify that on March 16, 2011, I caused the following:

1. Affidavit of Default; and
2. proposed Order Granting Relief From The Stay.

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| Mark A, Carrigan | clo@hutchtel.com |
| Steven B. Nosek | snosek@visi.com |
| Colin Kreuziger | Colin.Kreuziger@usdoj.gov |
| U.S. Trustee | Ustpregion12.mn.ecf@usdoj.gov |
| Scott R. Manthei | smanthei@koepkelaw.com |
| James L. Wiant | jwiant@rinkenoonan.com |
| Andrew J. Steil | asteil@rinkenoonan.com |

Dated: March 16, 2011            GRAY, PLANT, MOOTY,
                                   MOOTY & BENNETT, P.A.


                                  /e/ Jessica Mitchell
                                 Jessica A. Mitchell (MN# 0389738)

GP:2947821 v1

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

PETERSON EARTH MOVERS, INC.,                              Case No. 10-48553
                                                                                Chapter 11
          Debtor.

**ORDER GRANTING RELIEF FROM THE STAY**

A Stipulation for Adequate Protection between Ziegler, Inc. ("Ziegler") and Peterson Earth Movers, Inc. (the Debtors") has been filed with Court ("Stipulation"). The Debtor has defaulted under the Stipulation. Based upon the stipulation of the parties, and the Court being fully advised of the premises,

IT IS HEREBY ORDERED:

1. Ziegler, Inc. is granted relief from the automatic stay to repossess, sell and exercise its remedies in regard to the Equipment identified in the Stipulation, the motion papers and the Promissory Note and Security Agreement.

2. The Order shall take effect immediately and no stay of the Order shall be in place under Federal Rule of Bankruptcy Procedure 4001.

Dated March ____, 2011

                                               **BY THE COURT:**

                                               _____
                                               United States Bankruptcy Judge